# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CHRISTOPHER RYAN BUSBY, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No.: 2:15-cr-00353-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Government's Motion to Dismiss Petitioner Christopher Busby's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence ("Mot. Dismiss"), (ECF No. 187). Petitioner Christopher Ryan Busby ("Petitioner") did not file a response. Instead, Petitioner filed a Motion to Reject and Dismiss the Government's Motion ("Mot. Reject"), (ECF No. 191), to which the Government filed a Response, (ECF No. 192).

Further pending before the Court is Petitioner's unopposed Motion of Intent to Respond to the Government's Motion to Dismiss, (ECF No. 188), and Petitioner's Motion to Extend Time, (ECF No. 200).

///
///
///
///
///
///
///
///

For the reasons discussed below, the Court **DENIES** the Government's Motion to Dismiss and **GRANTS** Petitioner's Motion to Reject,[1] Motion of Intent to Respond,[2] and Motion to Extend Time.[3]

## I.   BACKGROUND

On February 28, 2019, Petitioner pleaded guilty to Count One of the Indictment: receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b). (*See* Mins. Proceedings, ECF No. 113).  On August 12, 2019, the Court sentenced Petitioner to 121 months' custody followed by forty-five (45) years' supervised release after finding him guilty of Count One of the Indictment. (*See* J., ECF No. 137) (Mins. Proceedings, ECF No. 135).  Petitioner's judgment of conviction further included a $5,000 restitution order. (*See* J. at 7).  Petitioner subsequently appealed, challenging only the $5,000 restitution order. (*See* Notice Appeal, ECF No. 139).  The Government agreed that the restitution order was erroneous and filed an unopposed motion to summarily vacate the restitution order, which the United States Court of Appeals for the Ninth Circuit granted on September 17, 2020. (Gov.'s Resp. Def.'s Mot. Reject 1:16–19, ECF No. 192); (Order USCA, ECF No. 172).  On September 17, 2020, the Court

---

[1] The Court separately notes that Petitioner's Motion to Reject is 179 pages. (*See generally* Mot. Reject, ECF no. 191).  Local Rule 7-3 states that the page limit to all motions and responses to motions, except those for summary judgment, is "24 pages, excluding exhibits."  As Petitioner did not file a motion for leave to file a brief in excess of the page limitation, the Court will strike the portion of Petitioner's Motion to Reject that exceeds the page limitation set forth by Local Rule 7-3.  The Court advises Petitioner to comply with the local rules and seek permission from the Court to deviate from said rules in future filings.

[2] Petitioner filed the Motion of Intent to Respond to notify the Court that his response to the Government's Motion to Dismiss may be delayed due to the difficulties posed by litigating a case while incarcerated. (Mot. Intent to Respond at 1–3, ECF No. 188).  Based on Petitioner's argument, the Court construes Petitioner's Motion of Intent to Respond as a Motion to Extend Time.  The Court grants Petitioner's Motion of Intent to Respond given that the Government does not oppose the Motion.  The Court notes, however, that Petitioner's Motion of Intent to Respond was filed on December 13, 2021, (ECF No. 188), and his response, styled as a Motion to Reject, was not filed until April 4, 2022. (Mot. Reject, ECF No. 191).  The Court understands that litigating a case while incarcerated is no easy task, but going forward, will not grant Petitioner a several-month extension for his filings.  Such delays will not be tolerated in the future.

[3] The Court grants Petitioner's Motion to Extend Time given that the Government does not oppose the Motion. (ECF No. 200).

entered an Amended Judgment, which Petitioner did not appeal. (*See generally* Am. J., ECF No. 176).

On November 16, 2021, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"). (ECF No. 184). The Government filed a Motion to Dismiss Petitioner's § 2255 Motion, contending the § 2255 Motion was untimely. (*See generally* Mot. Dismiss, ECF No. 187). In response, Petitioner filed a Motion to Reject the Government's Motion to Dismiss. (Mot. Reject, ECF No. 191). Upon review of Petitioner's Motion to Reject, the Government acknowledged in its Response, (ECF No. 192), that it's initial Motion to Dismiss may have mistakenly concluded that Petitioner's § 2255 Motion was untimely. (Gov's Resp. Def.'s Mot. Reject 2:12–3:18). Accordingly, by virtue of this Order, the Court solely addresses whether Petitioner timely filed his initial § 2255 Motion.[4] The Court discusses the timeliness of Petitioner's § 2255 Motion below.

## II. LEGAL STANDARD

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), sets a one-year statute of limitations period for a defendant to file a motion to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255(f). This one-year period begins to run once the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1).

The "finality date of a criminal judgment—that is, the date the one-year limitations period begins to run for purposes of a § 2255 petition—depends upon a defendant's post-conviction appellate activity." *United States v. Latin*, No. 17-cr-00514, 2022 WL 676670, at *3 (D. Haw. Mar. 7, 2022). If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to

---

[4] To reiterate, the Court takes no position on the merits of Petitioner's § 2255 Motion in this Order.

run, on the date on which the time for filing such an appeal expired. *See United States v. LaFrombiose*, 427 F.3d 680, 683 (9th Cir. 2005) (citing *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)). If a defendant does appeal, a conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of *certiorari*, or when the time for filing a *certiorari* petition expires." *United States v. Clay*, 537 U.S. 522, 527 (2003).

### III. DISCUSSION

In Petitioner's case, the choice of finality date for measuring the statute of limitation period under § 2255(f) determines whether his § 2255 Motion is timely, or time barred. To recount, Petitioner's initial judgment was entered on August 12, 2019. (*See* J.). Petitioner filed a limited appeal challenging the restitution order included in this judgment, which the Ninth Circuit granted on August 20, 2020. (Order USCA). Thus, Petitioner was the prevailing party and received full relief on the ground which predicated his appeal. But as the Government commendably brought to the Court's attention, Petitioner's victory at the Ninth Circuit did not necessarily conclude his appellate activity. For here, the timeliness of Petitioner's § 2255 Motion is based on his ability to file a petition of *certiorari* up to ninety (90) days after the Ninth Circuit issued its decision and appeal his victory to the Supreme Court. *See United States v. Garcia*, 210 F.3d 1058, 1059 (9th Cir. 2000) (explaining that when a federal prisoner fails to file a petition for *certiorari*, a judgment is final "90 days after entry of the court of appeals' judgment"). Thus, Petitioner's conviction would not become final for purposes of § 2255(f) until the period to file a writ of *certiorari* elapsed.

To date, it does not appear that any court has directly addressed this precise issue. However, several United States Courts of Appeals have addressed a similar issue, specifically when a conviction becomes final after a petitioner voluntary dismisses a direct appeal. The United States Court of Appeals for the Seventh Circuit addressed this question in *Latham v.*

*United States*, 527 F.3d 651 (7th Cir. 2008). In *Latham*, a habeas petitioner voluntarily dismissed his direct appeal but later moved to reinstate it on the basis that his attorney misled him about the consequences of dismissal. *Id.* at 651–52. The district court ruled that the petitioner was time-barred in part because "a defendant who dismisses his appeal is not entitled to seek *certiorari*," and therefore the conviction became final on the date the circuit dismissed his appeal. *Id*. at 652. The Seventh Circuit reversed, observing that 28 U.S.C. § 1254, which allows the Supreme Court to review judgments by *certiorari*, "allows 'any' party, including a prevailing party, to petition for *certiorari*." *Id*. (citing Eugene Gressman, Kenneth S. Geller, Stephen M. Shapiro, Timothy S. Bishop & Edward A. Hartnett, *Supreme Court Practice* 86–89 (9th ed. 2007)). The *Latham* court further noted that all that was necessary to trigger the right to appeal was that a "case be 'in' the court of appeals." *Id*. The likelihood that the Supreme Court would grant *certiorari* is of no consequence in determining finality.

The Federal Circuit applied *Latham*'s reasoning to hold that a judgment entered on a plaintiff's unopposed voluntary dismissal of its appeal became final under the Equal Access to Justice Act when the 90-day period for filing for certiorari expired. *Impresa Construzioni Geom. Domenico Garufi v. United States*, 531 F.3d 1367, 1371 (Fed. Cir. 2008). As with the *Latham* court, the Federal Circuit stated that the likelihood of *certiorari* being granted was irrelevant for determining finality. Rather, the dispositive question concerned whether the plaintiff was entitled to ninety days to file such a petition, and "there is no blanket prohibition on the filing of a petition for *certiorari* after voluntary dismissal in the circuit court." *Id.*

The Third Circuit also has considered the issue but did so in two non-precedential decisions that appear inconsistent with each other. *Contrast United States v. Sylvester*, 258 F. App'x 411, 412 (3d Cir. 2007) (reversing a district court's grant of a certificate of appealability on this issue; finding it "not reasonably debatable" that a "conviction became final and the limitations period began to run when [the petitioner's] appeal was voluntarily dismissed"); *with*

*United States v. Parker*, 416 F. App'x 132, 132 (3d Cir. 2011) (approving the Government's withdrawal of untimeliness argument and agreeing that there is "'no known precedent for the proposition that a criminal defendant who seeks voluntary dismissal of an appeal is foreclosed from filing a petition for *certiorari* challenging the dismissal'") (quotation to record omitted). While *Parker* did not explicitly reject *Sylvester*, it clearly implied its disagreement.

In sum, the United States Courts of Appeals that have addressed issues like those presented in the instant action have determined that it is the defendant's ability to file a petition for *certiorari*, rather than the likelihood that the petition would be granted, that is controlling for determining the date for measuring finality.[5] In the absence of binding precedent from the Supreme Court or the Ninth Circuit, the Court adopts the reasoning of the Seventh Circuit in *Latham* in interpreting § 1254 for purposes of determining when a conviction becomes final pursuant to § 2255(f)(1). The plain language of § 1254 explains that "any party" can petition for a writ of *certiorari* from "[c]ases in the courts of appeals." 28 U.S.C. § 1254(1). As the Government points out, it would seem "contrary to common sense" for the statute to apply when an "appellant prevails in the court of appeals." (Gov. Resp. 3:4–6) (emphasis in original). The Government's argument is well-taken, as in most situations, there is little reason for a party who prevails on all grounds to appeal the circuit court's decision. But the express language of the statute "allows 'any' party, including a prevailing party, to petition for *certiorari*." *Latham*, 527 F.3d 652–53. That a scenario is unlikely is an insufficient reason for the Court to depart from the plain language of the statute and fashion an exception out of whole cloth.

Petitioner's appeal to the Ninth Circuit concluded on August 20, 2020, the day the Ninth Circuit granted the Government's motion to summarily vacate the restitution order included as

---

[5] Finally, the Court notes that the United States Court of Appeals for the Eighth Circuit has not "addressed the issue" but has, "in a very different context, cited *Latham* with approval." *Courtney v. United States*, No. 4:07-cr-00261, 2011 WL 906644, at *6 (E.D. Ark. Mar. 16, 2011) (citing *Sabhari v. Frazier*, 387 F3d. App'x 672, 674 (8th Cir. 2010).

part of Petitioner's original sentence. Petitioner's judgment did not become final for purposes of calculating the statute of limitation under § 2255(f)(1) until 90 days later—November 18, 2020—when the period Petitioner had for filing a petition of *certiorari* elapsed. *Garcia*, 210 F.3d at 1059. As Petitioner's § 2255 Motion was filed on November 16, 2021, it was within § 2255(f)'s one year statute of limitation period. Accordingly, the Court determines that Petitioner's § 2255 Motion is timely.[6]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Government's Motion to Dismiss Petitioner's Defendant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence Motion for Compassionate Release, (ECF No. 187), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Reject and Dismiss Government's Motion, (ECF No. 191), Motion of Intent to Respond, (ECF No. 188), and Motion to Extend Time, (ECF No. 200), are **GRANTED.**

**DATED** this __15__ day of February, 2023.

_____
Gloria M. Navarro, District Judge
United States District Judge

---

[6] The Court separately notes that in the Government's Response, it requested that the Court grant its prior Motion for an Order Deeming the Attorney Client Privilege Waived, (ECF No. 186). (Gov.'s Resp. Mot. Reject 3:14–18). On June 23, 2022, the Court entered an Order, (ECF No. 193), granting the Government's Motion for an Order Deeming the Attorney Client Privilege Waived.